**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT JACKSON**

_____

| | |
|---|---|
| KIM BUCKLEY, Madison County Administrator of Elections | ) ) ) |
| Movant, | ) ) |
| vs. | ) ) No. _____ |
| League of Women Voters of Tennessee, *et al.*, | ) ) ) ) ) |
| Respondent, | ) |

_____

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**
_____

COMES NOW Kim Buckley, Madison County Administrator of Elections (hereafter, "Buckley"), by and through her attorneys of record, pursuant to the Federal Rules of Civil procedure, and files this Memorandum of Law in Support of her "Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action".

Plaintiff in this Middle District case served the attached Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action upon the Movant, Kim Buckley, Madison County Administrator of Elections, on December 19, 2019. The subpoena contains four pages of instructions and definitions, and purports to require production of thirty-five categories of documents, consisting of nearly eight years of records which represent tens if not hundreds of thousands of documents, many of which would require laborious redaction of personal identifiers such as social security

numbers. In addition, there are requests for data compilation into formats which are not presently maintained, supported and/or collated by Movant's office. Despite the massive scope of the request, no effort was made to avoid imposing undue burden and expense as required by Rules 45(d)(l) and (d)(3)(A)(iv).

The subpoena also purports to require Movant to produce the documents in Nashville (or to scan and email the documents to an email address), which fails to comply with the geographical limits specified in Rule 45(c), as required by Rule (d)(3)(A)(ii).

The subpoena was served two business days before Movant's office closed for the Christmas holiday, with a compliance deadline of January 16, 2020. Movant's office was further understaffed on business days between Christmas and New Year's Day. Further Movant (and her undersigned counsel) were out of the office for most of the period between December 25, 2019 and January 2, 2020 (counsel has additionally been without the services of a fulltime assistant until January 13, 2020).

Movant and her staff are currently overextended preparing for the March 3, 2020 primary election, for which early voting begins February 12, 2020. This preparation includes, but is not limited to, the following:

1. Processing applications for absentee Ballots which are arriving in the daily mail.
2. Mailing Ballots no later than January 18, 2020 to all military and overseas voters.
3. Coordination with local Nursing homes for voting in these facilities which begins February 3, 2020.
4. Receiving and processing voter registration applications for the primary.

5. Inventorying and replenishing supplies for the election.
6. Preparing materials for training poll workers for early voting, which begins February 12, 2020.
7. Assessing the quantities of precinct poll workers and election materials needed.
8. Reviewing and approving proposed Ballots submitted by her vendor.
9. Coordination of technical needs for early voting with third party IT personnel.
10. Preparing sample ballots for precincts, website and newspapers.
11. Preparing newspaper notices as required by law.
12. Sending and receiving registration data from the state daily.
13. Sending notifications of financial disclosure reports that are due, and receiving and filing same.
14. Fielding numerous requests from the public to view maps, find names and contact numbers of elected officials.

Movant has two full-time employees who will already be working during business hours to complete these tasks, in compliance with federal and/or state law. Accordingly, the subpoena fails to allow a reasonable time to comply as required by Rule (d)(3)(A)(i).

If the Court does not quash the subpoena as a matter of course pursuant to Rule 45(d)(3)(A), Movant requests a hearing to determine reasonable modifications to the subpoena.

Respectfully submitted this 14th day of January, 2020,

/s/ Steven W. Maroney
Steven W. Maroney (#15545)
TEEL & MARONEY, PLC
425 E. Baltimore Street
Jackson, TN 38301
(731) 424-3315
steve@tennesseefirm.com

*ATTORNEYS FOR KIM BUCKLEY, MADISON COUNTY ADMINISTRATOR OF ELECTIONS*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail, postage prepaid:

Theresa J. Lee
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor New York, NY 10004
Tel.: (212) 284-7359
tlee@aclu.org

/s/ Steven W. Maroney